UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    v.<br><br>LAVON YOUNG,<br>    *Defendant.* | No. 3:18-cr-33 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Lavon Young ("Defendant") has moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A, to the United States Sentencing Guidelines. Mot. to Reduce Sentence, ECF No. 112 (July 25, 2024) ("Mot.").

The Government objects to this motion. Memo. in Opp'n to Mot. to Reduce Sentence, ECF No. 115 (Sept. 20, 2023) ("Opp'n").

The United States Probation Office ("Probation") filed an addendum to its presentence investigation report indicating that Probation believes Mr. Young is "eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821, Part A" Amendment 821 Addendum to Presentence Report at 1, ECF No. 106 (Feb. 17, 2024) ("PSR Addendum").

For the reasons set forth below, Mr. Young's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

    **I.    BACKGROUND**

On January 27. 2018, Mr. Young was arrested by state authorities for a robbery and an attempted robbery that occurred on that same day. Presentence Report ¶¶ 8–20, ECF No. 59 (Sept. 14, 2018) ("PSR").

1

On February 23, 2018, a grand jury returned a multi-count indictment against Mr. Young, which charged Mr. Young with bank robbery and attempted bank robbery, in violation of 18 U.S.C § 2113(a). Indictment ¶¶ 1–2, ECF No. 1 (Feb. 23, 2018).

On July 11, 2018, Mr. Young pled guilty to the bank robbery. Plea Agreement, ECF No. 51 (July 11, 2018) ("Plea").

On October 10, 2018, this Court sentenced Mr. Young to a term of imprisonment of 96 months and a three-year term of supervised release. Min. Entry, ECF No. 70 (Oct. 18, 2018); Judgment, ECF No. 71 (Oct. 18, 2018).

On February 17, 2024, Probation filed an addendum to its presentence investigation report in accordance with the district's standing order on petitions for retroactive application of Amendment 821 to the sentencing guidelines. PSR Addendum; *see also* Standing Order re: Petitions for Retroactive Application of Sentencing Guidelines Amendment 821 (D. Conn. Nov. 30, 2023).

On July 25, 2024, Mr. Young filed a motion to reduce his sentence. Mot.

On September 20, 2024, the Government filed its opposition to Mr. Young's motion. Opp'n.

II.    **STANDARD OF REVIEW**

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must arrive at two conclusions before applying a retroactive guidelines

amendment to a particular sentence: (1) "the court must find that a defendant is eligible for a reduction"; and (2) "the court, in its discretion, must find that a reduction is merited." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

"[A] court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10. *Martin*, 974 F.3d at 136 (citation omitted). Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. *Dillon*, 560 U.S. at 827.

### III.  DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). "Part A of Amendment 821 modified the calculation of 'status points' added to a defendant's criminal history score under U.S.S.G. § 4A1.1. . . . Amendment 821 eliminated [subsection 4A1.1(d)] and replaced it with the following provision: 'Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.' *Id.*; U.S.S.G. § 4A1.1(e)." *United States v. Lucas*, No. 22-CR-290, 2024 WL 3718658, at *2 (E.D.N.Y. Aug. 8, 2024); *see also United States v. Sardarova*, No. 20

3

CR. 681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024) ("Amendment 821 added U.S.S.G. § 4C1.1, which provides a two-point offense level reduction for certain so-called 'zero-point offenders,' *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines.").

Probation, the Government, and Mr. Young all agree that Mr. Young is eligible for a one status point reduction in his criminal history category that will decrease his Criminal History Category from V to IV and decrease his Guideline Imprisonment Range from 92–115 months to 77–96 months. *See* PSR Addendum 1–2; Opp'n at 6; *see generally* Mot.

As to the consequences of this adjusted Sentencing Guideline range, the parties disagree.

Mr. Young asks the Court to reduce his sentence of imprisonment from 96 months because of the new guideline range of 77–96 months. Mot. at 1. Mr. Young supports this point by mentioning his good conduct while in custody and his understanding that he "must become a productive, non-criminal member of society." Mot at 2–3.

The Government responds and disagrees with a reduction in sentencing because the Government believes that the Court has "already analyzed Mr. Young's conduct and the other sentencing factors in light of the Guidelines range that now applies. . . . Because this Court already did that and reached a sentence in light of all the § 3553(a) factors of 96 months' imprisonment, there is no need to disturb that sentence now." Opp'n at 6.

Probation agrees with the Government that the sentence should not be reduced because the Court already adopted the lower range during sentencing and considered the factors laid out in 18 U.S.C. § 3553(a).

The Court agrees as to the effect of the revised Sentencing Guidelines on Mr. Young's Sentencing Guidelines range, but disagrees that his current sentence should be reduced as a

4

result.

Mr. Young is eligible for a one status point reduction in his criminal history points. Under Amendment 821, Mr. Young should now be assigned a total of nine criminal history points instead of ten because, while Mr. Young received two additional status points for committing the offense, under the revised Sentencing Guidelines, he would only receive one additional status point. *See* PSR Addendum at 2 ("Pursuant to USSG §4A1.1(e), add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). As a result, Mr. Young should be in Criminal History Category IV and his resulting Sentencing Guidelines range should be 77–96 months. *See id.*

Despite the reduction in Mr. Young's Sentencing Guideline range, however, Mr. Young's sentence should not be reduced. Mr. Young's conduct in custody has been commendable, perhaps even exemplary. *See* Mot. at 2 (noting that he "has not received any disciplinary tickets during his period of incarceration" from January 27, 2018 to the present, and has participated in numerous occupational and self-improvement programs). But this current term of incarceration was not his first, *see* Opp'n at 2 (noting a term of incarceration for "point[ing] an AR-15 style rifle at police officers," and another bank robbery where he "showed the teller a gun that he had concealed under his coat, and demanded money"), and he committed the underlying offense here "[l]ess than a year after being released from federal prison . . . ." *Id.* As a result, the issue is not now—nor has it ever been—simply whether Mr. Young can succeed while in custody, but also whether he is no longer a serious threat to public safety once he is released.

Guided by "the factors set forth in section 3553(a), *Martin*, 974 F.3d at 136 (citation omitted), and . . . consistent with applicable policy statements issued by the Sentencing Commission," *id.*, contained in U.S.S.C. § 1B1.10, Mr. Young already received a sentence within the now applicable Sentencing Guideline range—albeit at the high end of that range. Having done so already, the Court declines to exercise its discretion to reduce Mr. Young's sentence any further.

Accordingly, the Court will deny Mr. Young's motion for a sentence reduction.

### IV.     CONCLUSION

For the reasons explained above, Mr. Young's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 11th day of October, 2024.

                                                                 /s/ Victor A. Bolden
                                                                 Victor A. Bolden
                                                                 United States District Judge